**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Carlos SANCHEZ–CARRILLO, Defendant–Appellant.**

**No. 13–50310.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 12, 2014.

Stacey H. Sullivan, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Kristi A. Hughes., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Juan Carlos Sanchez–Carrillo appeals from the district court's judgment and challenges the 70–month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Sanchez–Carrillo contends that in imposing sentence, the district court relied on a clearly erroneous finding that he had previously smuggled 10 pounds of methamphetamine. At sentencing, the court acknowledged that there was no proof regarding either the type or the quantity of drugs involved in the prior incident. Nevertheless, the court presumed that the prior incident involved 10 pounds of methamphetamine. Because the record suggests that this presumption affected the court's choice of sentence, we vacate and remand for resentencing. *See United States v. Pineda–Doval,* 692 F.3d 942, 944 (9th Cir. 2012) (a factual finding is clearly erroneous if it is without support in inferences that may be drawn from the record); *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc) (procedural error for a district court to choose a sentence based on clearly erroneous facts).

In light of this disposition, we decline to reach Sanchez–Carrillo's other claims of sentencing error.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

VACATED and REMANDED for resentencing.